UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. HILL, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:18-cv-01673-DAD-JDP <br><br> ORDER GRANTING MOTION FOR CLARIFICATION AND MODIFYING BRIEFING SCHEDULE <br><br> ECF No. 18 |

Plaintiff Michael H. Hill proceeds in this Social Security appeal unrepresented by counsel. Plaintiff moves for clarification as to why his opening brief was stricken. ECF No. 18. For good cause shown and given plaintiff's unrepresented status, we grant plaintiff's motion and provide clarification below. Additionally, we extend the briefing schedule to allow the parties more time to discuss informal resolution before filing formal briefs with the court.

**I.  Discussion**

    **A. Opportunity for Informal Resolution**

The court struck plaintiff's brief because it was not filed in compliance with the scheduling order. ECF No. 5. Under to the scheduling order, within one hundred twenty days of service of the complaint, defendant is required to serve a copy of the administrative record on plaintiff and file the administrative record with the court, which serves as the answer to the complaint in this proceeding.

Once the administrative record has been filed, the parties must try to resolve the case

informally.  As part of this process, the parties must exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.  Each letter brief must be marked "Confidential Letter Brief," should not be filed with the court, and must be served on defendant within thirty days of the date that defendant served plaintiff with the administrative record.  Claimant should mail copies of his or her letter brief to all the attorneys listed on the court docket as representing defendant, Commissioner of Social Security, at the addresses noted on the court docket.  Defendant's confidential letter brief must be served on plaintiff no later than thirty-five days after defendant is served with plaintiff's confidential letter brief.

If the parties agree to a remand, then the case will go back to the Social Security Administration before any formal briefs are filed with the court, and without the court ever considering the merits of the case.  The parties' agreement to remand the case must be set forth in writing in a document titled "Stipulation and Order," which must be signed and filed with the court no later than fifteen days after defendant served its confidential letter brief on plaintiff.  *See* Local Rule 143(a)(1) & (b).

The informal letter briefs exchanged by the parties are confidential in the sense that they are not filed with the court.  If the parties are unable to agree to a remand, the letters are not part of the case file and, thus, are not before the court if the court considers the case on the merits.

It appears from plaintiff's motion that the parties may not have had the opportunity to consult and attempt to resolve this case informally, even though the record reflects that they have served each other with letter briefs.  Therefore, we will give plaintiff thirty days to attempt to resolve this case with defendant before plaintiff's formal opening brief must be filed.  The contact information for defendant is listed here for plaintiff's convenience:

    Tina Naicker
    Office Of General Counsel Social Security Administration
    160 Spear Street
    8th Floor

San Francisco, CA 94105
415-268-5611
Fax: 415-744-0134
Email: Tina.Naicker@ssa.gov

Benjamin E. Hall
United States Attorney
2500 Tulare Street
Suite 4401
Fresno, CA 93721
559-497-4058
Fax: 559-497-4099
Email: Benjamin.Hall3@usdoj.gov

**B. Instructions for the Remainder of the Case**

If the parties are unable to agree to a remand of the case, then the parties must file formal briefs with the court as directed in the scheduling order. It is only after the formal briefs are filed with the court that the court will consider the merits of the case and make a decision.

Plaintiff's opening brief must be filed and served no later than thirty days from the date of this order. Plaintiff must serve a copy of the opening brief on all the attorneys listed for defendant on the court docket of the case at the addresses noted on the court docket. Plaintiff must also file the original opening brief, together with a copy, with the court, by either personal delivery or via U.S. mail.

Plaintiff's opening brief must contain the following:

(1) a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

(2) a summary of the administrative proceedings before the Social Security Administration;

(3) a summary of the relevant testimony at the administrative hearing;

(4) a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5) a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

3

(6) a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7) argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken. A document that is stricken becomes null and void and is not considered by the court for any purpose. Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action.

Pursuant to the scheduling order, defendant's responsive brief is due filed and served on plaintiff within thirty days from the date of service of plaintiff's opening brief on defendant.

Plaintiff may file a reply brief, but is not required to do so, within fifteen days from the date defendant served its responsive brief on plaintiff. Plaintiff must serve a copy of the reply brief on defendant. Plaintiff must also file the original reply brief, together with a copy, with the court. Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

After all briefs have been filed, we may schedule this case for telephonic oral arguments before the Magistrate Judge. During a telephonic hearing, the parties should be prepared to address all arguments raised in the briefs with citations to the record. The court will consider the merits of the case only after all briefs have been filed and oral arguments, if scheduled, have been conducted. The court may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration. The court may or may not remand the case to the Social Security Administration for a further hearing.

**II.     Order**

a.   Plaintiff's motion for clarification is granted, ECF No. 18.

b. The deadline for plaintiff's opening brief is thirty days from the date of this order, and all other deadlines in the scheduling order, ECF No. 5, are modified accordingly.

IT IS SO ORDERED.

Dated:  July 3, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204