UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. HILL,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:18-cv-01673-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO RE-OPEN THE CASE BE GRANTED<br><br>ECF No. 23<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff Michael H. Hill proceeds in this Social Security appeal without counsel. On July 25, 2019, plaintiff withdrew his appeal, ECF No. 21, and on August 5, 2019, his case was closed, ECF No. 22. On December 4, 2019, plaintiff filed a motion to re-open his case, explaining that he has been suffering from severe mental illness, including psychosis. ECF No. 23. We construe this as a motion for relief under Federal Rule of Civil Procedure 60(b)(1). Defendant did not file an opposition to this motion, and we recommend granting relief.

**Discussion**

A court may relieve a party of an order by reason of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has established an equitable, four-part balancing test for determining whether there had been "excusable neglect." *Pioneer Inv.*

1

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395, 113). "'[E]xcusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Indeed, courts may find "excusable neglect" even when the relevant circumstances reveal a party's "inadvertence, mistake, or carelessness." *Id.* at 388.

A motion for relief from an order may only be obtained under Rule 60(b) if it is "made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As an initial matter, plaintiff's motion appears timely under Rule 60(c)(1) because it was made within four months of the court order closing the case. *See* Fed. R. Civ. P. 60(c)(1). Thus, we consider whether the order closing this case may be set aside under the "excusable neglect" standard of Federal Rule of Civil Procedure 60(b)(1) by weighing the four factors outlined in *Pioneer*.

First, to be unduly prejudicial, the setting aside of an order or judgment must result in "greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). In this case, the record has already been filed for review. ECF No. 12. Thus, deterioration of evidence is not at issue. Under these circumstances, we find that defendants will not suffer undue prejudice if plaintiff's motion is granted.

Second, the length of the delay caused by plaintiff's voluntary dismissal of his appeal is about eight months. As discussed above, the length of the delay would not unduly impact the proceedings or prejudice defendant. The parties would simply continue to brief the case on the merits using the record already produced. Thus, in the present circumstances, eight months is not long enough to justify denying relief.

Third, plaintiff's reason for delay is that he has been hospitalized with a severe mental

2

health condition. ECF No. 23 at 2. This reason for delay is certainly not within plaintiff's control. *See Pincay*, 389 F.3d at 855. Thus, the reason for plaintiff's delay is reasonable.

Finally, we consider whether plaintiff has acted in good faith. Plaintiff explains that his mental condition prevented him from being able to obtain and understand information regarding his case. *See* ECF No. 23 at 2. It also appears that plaintiff's condition may have been misdiagnosed. *See id.* at 3. The court sees no reason to doubt that plaintiff is acting in good faith.

**Findings and Recommendations**

We find that plaintiff has satisfied the "excusable neglect" standard of Federal Rule of Civil Procedure 60(b)(1). Thus, we recommend that the court (1) grant plaintiff's motion to re-open the case, ECF No. 23; and (2) vacate the August 5, 2019 order closing this case, ECF No. 22.

We submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 24, 2020                               _____
                                                      UNITED STATES MAGISTRATE JUDGE

No. 204.